**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN MORAVEK | : | |
| | : | **CIVIL ACTION NO.:** |
| *Plaintiff,* | : | |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| BOROUGH OF SUMMIT HILL | : | |
| | : | |
| *Defendant.* | : | |

**COMPLAINT**

**I.    PRELIMINARY STATEMENT**

1.    This is an action for an award of damages, declaratory and injunctive relief, attorney's fees, and other relief on behalf of Plaintiff, John Moravek ("Plaintiff"), a former employee of The Borough of Summit Hill ("Summit Hill" or "Defendant"), who has been harmed by Defendant's unlawful employment practices.

2.    Plaintiff alleges that up to and including on or about November 9, 2022, Defendant, through its agents, servants, and employees, subjected him to discrimination and retaliation on the basis of his age (then fifty-six years old).

3.    This action is brought under the Age Discrimination in Employment Act of 1967 ("ADEA") and the Pennsylvania Human Relations Act ("PHRA").

**II.    JURISDICTION AND VENUE**

4.    The original jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to Title 28 U.S.C. §§ 1331 and 1391, as Plaintiff's claims are substantively based on the ADEA.

5.    The supplemental jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. § 1367 to consider Plaintiff's claims arising under the PHRA.

6.    All conditions precedent to the institution of this suit have been fulfilled. Specifically, Plaintiff filed a timely Charge (No. 202201669) with the Pennsylvania Human Relations Commission

("PHRC") which was dual filed with the Equal Employment Opportunity Commission ("EEOC") (No. 530-2023-02029).

8.     Following the closure of the PHRC investigation, the EEOC issued a determination and a Right to Sue on October 28, 2025. This action is being filed within 90 days of receipt of said Right to Sue.

### III.   PARTIES

9.     Plaintiff John Moravek is a male citizen of the Commonwealth of Pennsylvania, residing therein at 38 Black Bear Lane, Tamaqua, PA 18252.

10.     Defendant, Summit Hill, is a municipality of the state of Pennsylvania with a place of address at 40 West Amidon Street, Suite 3, Summit Hill, PA 18250. Defendant has over thirty employees.

11.     At all times material and relevant hereto, Defendant acted by and through its agents, employees, and/or servants who acted within the scope of their authority, course of employment, and under the direct control of Defendant.

12.     At all times material and relevant hereto, Defendant acted as a "person" and "employer" under the ADEA and the PHRA, and is accordingly subject to the provisions of each said Act.

### IV.   STATEMENT OF FACTS

13.     Plaintiff, a male individual with an age of fifty-six at the time of the alleged violations - commenced his employment with the Defendant as a part-time Equipment Operator in or about Winter of 1988.

14.     Plaintiff held this position intermittently with Defendant for over thirty years. Plaintiff last held this position in or about 2022.

15.     Throughout Plaintiff's tenure as an employee of Defendant, Plaintiff met and exceeded all necessary job functions and responsibilities. Plaintiff consistently maintained at least a satisfactory performance record and even availed himself to Defendant at no cost during treacherous winter storms.

16.     During the duration of Plaintiff's employment, he applied for the full-time Equipment Operator position four times. Plaintiff was denied the position four times.

17.	In previous conversations Plaintiff had with Defendant, he was promised the position and more pay on numerous occasions. None of these promises were upheld.

18.	Other individuals who were younger and less experienced than Plaintiff were all hired for the positions over Plaintiff.

19.	Plaintiff believes and avers that Defendant, by and through its agents, servants and employees, denied him this position the fourth and final time due to his age of fifty-six, at the time of the alleged violation.

20.	In or about September 2022, Plaintiff learned that the full-time Equipment Operator position was available again. The individual who was hired over Plaintiff previously had been younger and less experienced than Plaintiff.

21.	Plaintiff spoke with the foreman, Mr. Ron Yuricheck ("Yuricheck"), and asked if he would have a better chance of obtaining the full-time position if he applied again. Yuricheck told Plaintiff that he had mentioned Plaintiff's name to be considered for the position to the chair of the hiring committee, Mr. William "Billy" O'Gurek Jr. ("O'Gurek").

22.	Yuricheck informed Plaintiff, that during the conversation between O'Gurek and himself, O'Gurek stated the following: "John is perfect for the position, but he is too fucking old. I don't want to hire someone who would retire before you [Yuricheck]."

23.	Since telling Plaintiff about O'Gurek's comment regarding his age, Yuricheck avoided making any contact with Plaintiff.

24.	Regardless of the discriminatory comment, Plaintiff applied for the position for the fourth time on or about September 21, 2022.

25.	Plaintiff strongly believed he was appropriately qualified for the position. The responsibilities of the full-time position were analogous to the responsibilities of the part-time position that he held, with the added benefit of increased pay and greater hourly commitment. Plaintiff had garnered countless hours of experience during his more than thirty years in the part-time position that he believed would allow him to transition seamlessly into the full-time position.

26.     Plaintiff submitted to Defendant his application with all the proper documentation, including an extensive list of references and a letter explaining his work history and qualifications.

27.     On or about October 1, 2022, prior to Plaintiff's interview, Plaintiff had a conversation via phone with another foreman, Mr. Greg Dailey ("Dailey"). Dailey informed Plaintiff that Defendant planned to hire a Mr. Colton Black ("Black") for the position because Plaintiff was "too old."

28.     Black is younger than Plaintiff and lacked significant experience for the position of Equipment Operator.

29.     Plaintiff stated to Dailey that if he was denied the position again, he would pursue legal action.

30.     On or about October 12, 2022, Plaintiff received another phone call from Dailey. Dailey asked Plaintiff if he had received an interview from Defendant, to which Plaintiff responded "no."

31.     Dailey then informed Plaintiff that O'Gurek learned that Plaintiff was aware of the comment O'Gurek had made regarding Plaintiff's age. According to Dailey, O'Gurek stated that they would now have to offer Plaintiff an interview to prevent the appearance of discrimination.

32.     On or about October 13, 2022, Plaintiff received an offer from Defendant to interview for the full time position, which he accepted.

33.     In or about November 2022, Plaintiff interviewed with Defendant.

34.     Throughout the interview, O'Gurek predominantly asked Plaintiff questions. These questions ranged from asking about Plaintiff's experience with paving to Plaintiff's experience with carpentry, and other work experience within Summit Hill.

35.     Plaintiff answered all questions satisfactorily, and referred to his attached letter that offered an explanation for all these questions.

36.     Plaintiff alleges that all the members of the hiring committee looked as though they never read the letter.

37.     O'Gurek then asked Plaintiff about his people skills. O'Gurek asked Plaintiff this question five times.

38.     Plaintiff asked O'Gurek to explain why he continued to ask about Plaintiff's people skills.

439.    O'Gurek declined to answer and proceeded to ask Plaintiff to respond to a hypothetical illustrating the use of people skills. Plaintiff responded to the hypothetical thoroughly.

40.     At the end of the interview, O'Gurek asked Plaintiff if he had any questions for the committee. Plaintiff asked why he was called to the interview, to which O'Gurek responded, "to interview for the job."

41.     Plaintiff then engaged in protected activity by complaining about discriminatory treatment based on his age. Specifically, Plaintiff then told the hiring committee about the comment made by O'Gurek regarding Plaintiff's age, the previous promises of promotion that were never fulfilled, his impeccable and developed work history, and his people skills. Plaintiff also mentioned a petition to hire Plaintiff that was sent to Defendant during the last hiring cycle for the position, two years prior.

42.     O'Gurek denied ever receiving the petition, but did not deny the comment regarding Plaintiff's age.

43.     During the public council meeting following the interview, O'Gurek announced that Black would be hired for the position. Plaintiff believes that the decision to hire Black instead of Plaintiff was improperly motivated by discriminatory and retaliatory animus.

44.     According to the meeting notes, this announcement deviated from normal procedure for the decision and announcement of a new hire. Plaintiff asserts that the proper procedure is to have a private meeting of council members only, present the candidates to the council, have the chair of the hiring committee offer their recommendation, and then make a decision. By deviating from procedure, Plaintiff contends that there was not proper and appropriate consideration of the candidates.

45.     Being persistently denied the opportunity to grow and develop his skills further with Defendant, solely because of his age, has taken a steep toll on Plaintiff's physical and mental health. Following the adverse employment action, Plaintiff experienced deep depression and initially lost over eighty pounds.

46.     Plaintiff strongly believes and avers that since he possessed the proper skillset and knowledge for the position, Defendant's refusal to hire Plaintiff for this position was based solely on his age. But for Plaintiff's age, he would have been hired.

47.     Plaintiff believes and avers there is direct evidence that Defendant engaged in discrimination on the basis of age due to the use of Plaintiff's age during the decision maker's consideration of Plaintiff's employment, as evidenced by O'Gurek's comments referencing Plaintiff's age.

## COUNT I

### *ADEA – Age Discrimination*

49.     Plaintiff hereby incorporates by reference the foregoing paragraphs of his Complaint as though fully set forth herein.

50.     The actions of Defendant, through its agents, servants, and employees, in subjecting Plaintiff to discrimination on his terms, conditions, and privileges of employment, including hiring a significantly younger, less experienced, less qualified individual instead of Plaintiff, constitute a violation of the ADEA.

51.     Defendant treated Plaintiff differently from other, younger workers with less experience than Plaintiff.

52.     As a direct result of the aforesaid unlawful and willful discriminatory employment practices engaged in by Defendant in violation of the ADEA, Plaintiff has sustained a loss of earnings, plus the loss of future earning power, plus back pay, and interest due thereupon.

53.     As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by Defendant in violation of the ADEA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II

### *PHRA – Age Discrimination*

54.     Plaintiff hereby incorporates by reference the foregoing paragraphs of his Complaint as though set forth here in full.

55.     The actions of Defendant, through its agents, servants, and employees, in subjecting Plaintiff to discrimination on his terms, conditions, and privileges of employment, including hiring a significantly younger, less experienced, less qualified individual instead of Plaintiff, constitute a violation of the PHRA.

56.     As a direct result of the aforesaid unlawful and willful discriminatory employment practices engaged in by Defendant in violation of the PHRA, Plaintiff has sustained a loss of earnings, plus the loss of future earning power, plus back pay, and interest due thereupon.

57.     As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by Defendant in violation of the ADEA, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT III

### *ADEA & PHRA – Retaliation and Pattern of Antagonism*

58.     Plaintiff hereby incorporates by reference the foregoing paragraphs of his  Complaint as though fully set forth herein.

59.     Defendant took retaliatory action and engaged in a pattern of antagonistic behavior in its treatment of Plaintiff up to and including the adverse employment action taken against him.

60.     Plaintiff experienced retaliation in relation to engaging in protected activity  related to reporting his experience.

61.     Specifically, Defendant directly took adverse employment action in retaliation by hiring a less-qualified candidate than Plaintiff for a position that Plaintiff was qualified for.

62. The aforesaid actions of Defendant were willful, wanton, reckless, and in bad faith, and the actions were in reckless disregard of the Plaintiff's rights.

63.     As a direct result of the aforesaid unlawful and willful retaliatory  employment practices engaged in by the Defendants in violation of the ADEA and the PHRA,  Plaintiff has sustained permanent and irreparable harm, as well as severe emotional distress.

64.    As a further direct result of the aforesaid unlawful retaliatory employment  practices engaged in by Defendants in violation of the ADEA and the PHRA, Plaintiff suffered  severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

### PRAYER FOR RELIEF

WHEREFORE Plaintiff requests that this Court enter judgment in his favor and against Defendant, and Order that:

a. Defendant compensates Plaintiff with a rate of pay and other benefits and emoluments of employment, to which he would have been entitled, had he not been subjected to unlawful discrimination;

b. Defendant compensates Plaintiff with an award of back pay;

c. Defendant compensates Plaintiff with an award of front pay;

d. Defendant pays Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as allowable;

e. Defendant pays Plaintiff liquidated damages as allowable;

f. Defendant pays Plaintiff pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

g. The Court award such other relief as is deemed just and proper.

### JURY DEMAND:

Plaintiff demands a trial by jury.

**HENNESSY LAW**

*s/Brendan D. Hennessy, Esq.*

Date:   01/23/2025

_____

BRENDAN D. HENNESSY, ESQUIRE
I.D. NO.: 91831
101 Lindenwood Drive, Suite 225
Malvern, PA 19355
Phone: 484-875-3111
Bhennessy@Hennessylawfirm.com